**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
Jonathan Gil, Esq. (SBN: 347431)
jonathan@kazlg.com
2221 Camino del Rio S, Suite 101
San Diego, California 92108
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**ASSASSI & CRUZ LAW FIRM, PC**
Adib Assassi, Esq. (SBN: 301036)
adib@aclegalteam.com
Veronica Cruz, Esq. (SBN: 318648)
veronica@aclegalteam.com
1100 W. Town & Country Road, Suite 1250
Orange, CA 92868
Telephone: (800) 500-0301
Fascimile:  (800) 500-0301

*Attorneys for Plaintiffs,*
Sharyn Buksbaum and Courtney Herman

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARYN BUKSBAUM and COURTNEY HERMAN, themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORELLE BRANDS LLC d/b/a INSTANT POT<br><br>Defendant. | Case No.: **'25CV1247 DMS JLB**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1. **THE SONG BEVERLY CONSUMER WARRANTY ACT; AND**<br>2. **CALIFORNIA'S UNFAIR COMPETITION LAW, BUS. & PROF. CODE §§ 17200 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

- 1 -
COMPLAINT

## INTRODUCTION

1. Plaintiffs Sharyn Buksbaum and Courtney Herman ("Plaintiffs"), on behalf of themselves and others similarly situated, bring this class action suit against Corelle Brands LLC d/b/a Instant Pot ("Defendant") to secure redress for violations of California's Song Beverly Consumer Warranty Act ("SBA"), Cal. Civ. Code §§ 1790, *et seq.*; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.

2. Defendant manufactures consumer goods which are advertised and accompanied by express warranties. The SBA explicitly requires that "[a] manufacturer, distributor, or retail seller shall not make an express warranty with respect to a consumer good that commences earlier than the date of delivery of the good."[1] However, Defendant commences their express warranties on the date of *purchase*, not on the date of *delivery*, as required by the SBA.

3. As a result of this unlawful and deceitful business practice, consumers who receive their goods after the date of purchase, such as online shoppers, do not receive the full benefit of their warranty. These consumers are short-changed the full value of their warranties. Furthermore, Defendant unfairly benefit by saving themselves the added time and expense that would be required to properly track and administer their warranties were they to commence on the date of delivery.

4. Through this action, Plaintiffs seek injunctive relief, damages, and restitution based on Defendant's unlawful and unfair conduct.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, the Class Action Fairness Act of 2005. Subject matter jurisdiction is proper because (1) the amount in controversy in this class action exceeds five million dollars ($5,000,000), excluding interest and costs; (2) there are more than one-hundred Class members; (3) at least one member of the Class is diverse from the Defendant; and (4) Defendant is not a government entity.

---

[1] Cal. Civ. Code § 1793.01

6. Personal Jurisdiction of this Court arises pursuant to specific jurisdiction. Defendant conducts significant business in the State of California, and Plaintiff was injured within this District, where Plaintiff resides.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of events and injury giving rise to Plaintiffs' claims occurred in or originated from this District.

## PARTIES

8. Plaintiff Buksbaum is, and at all times mentioned herein was, an individual residing in the County of San Diego, California. Plaintiff Buksbaum is a purchaser of Defendant's Instant 6-Quart Electric Dutch Oven.

9. Plaintiff Herman is, and at all times mentioned herein was, an individual residing in the County of San Diego, California. Plaintiff Herman is a purchaser of Defendant's Instant Pot RIO, 7-in-1 Electric Multi-Cooker.

10. Defendant is a Delaware Company with a principal place of business in Downers Grove, Illinois that maintains continuous and substantial business throughout the state of California, including the Southern District of California.

11. At all relevant times, Defendant engaged in the business of marketing, supplying, and selling its products—including the products purchased by Plaintiffs' and the public— directly and through a system of marketers, retailers, and distributors.

12. All acts of employees of Defendant as alleged were authorized or ratified by an officer, director, or managing agent of the employer.

## FACTUAL ALLEGATIONS

13. On October 11, 2024, Plaintiff Buksbaum purchased Defendant's Instant 6-Quart Electric Dutch Oven online from Woot.com for $53.86 plus tax to be delivered to her home in Carlsbad, California. The product was delivered on October 13, 2024.

14. On July 17, 2024, Plaintiff Herman purchased Defendant's Instant Pot RIO, 7-in-1 Electric Multi-Cooker online from Amazon.com for $63.98 plus tax to be delivered to her home in Carlsbad, California. The product was delivered on July 21, 2024.

15. Defendant's "limited warranty is effective for one year from the date of original consumer

1   purchase."[2] The warranty extends to replacement appliances and "the Limited Warranty on the
2   replacement appliance will expire 12 months from the date of original consumer *purchase*."[3]
3   16.  Thus, Plaintiffs have not received the full value of the product that Plaintiff are entitled to.
4   17.  Defendant has a uniform warranty policy where warranties are all commenced on the date of
5   purchase, rather than the date of delivery or receipt of the products.[4]
6   18.  Defendant does this to reduce the effective warranty periods for all purchasers who receive
7   delivery of their products. This strategic decision short-changes consumers the full length and
8   value of their warranties as permitted by law.
9   19.  Additionally, this practice saves Defendant the time and expense of warranty administration,
10  because Defendant does not need to log and track product delivery dates to commence
11  warranties.
12  20.  Furthermore, this decision creates a chilling effect which prevents consumers who would
13  otherwise have valid warranty claims from pursuing them. As a result, Defendant benefits from
14  fewer warranty claims.

## CLASS ALLEGATIONS

21.  Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated (the "Class")

22.  Plaintiffs represent and are members of the Class, defined as:

> All persons within California who purchased one or more of Defendant's products between July 1, 2023, through the date of class certification, whose Product(s) were delivered to them after the date of purchase. (the "Class")

23.  Plaintiffs also represent and is a member of the Express Warranty Sub-class, defined as:

> All persons within California who purchased one or more of Defendant's products between July 1, 2023, through the date of class certification, which were accompanied by an express warranty that commenced on the date of purchase and not the date of delivery. (the "Sub-class")

24.  The above-defined Class and Subclass are together referred to herein as the "Class."

---

[2] https://instantpotme.com/warranty/ (last accessed 2/19/2025).
[3] *Id*. (emphasis added)
[4] *Id*.

- 4 -
COMPLAINT

25. Defendant's products that fall within the above Class definition are referred to herein as the "Class Products."

26. Excluded from the Class is Defendant and any of Defendant's officers, directors and employees. Plaintiffs reserve the right to modify or amend the Class definition before the Court determines whether Certification is appropriate.

27. **Ascertainability.** The members of the Class are readily ascertainable from Defendant's records, Defendant's agents' records, and/or records of the retailers and distributors from which the products were purchased, as well as through public notice.

28. **Numerosity.** The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believes, and on that basis alleges, that the proposed class consists of thousands of members.

29. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the standardized marketing, advertisements, and promotions of Defendant. The common legal and factual questions include, but are not limited to, the following:

- Whether Defendant sold the Class Products with express warranties;
- Whether Defendant sold the Class Products with warranties that commenced on the date of purchase and not the date of delivery;
- Whether Defendant intends for its warranty language to act as a barrier for valid warranty claims;
- Whether Defendant intends to save administrative time and expense through their decision for Class Product warranties to commence on the date of purchase, rather than the date of delivery;
- Whether Defendant violated the SBA by having Class Products' warranties commence on the date of purchase, rather than the date of delivery;
- Whether Defendant violated the UCL by having Class Products' warranties commence

on the date of purchase, rather than the date of delivery;

- Whether Defendant is liable for damages, and the amount of such damages; and
- Whether Class members are entitled to equitable relief.

30. **Typicality.** Plaintiffs' claims are typical of the claims of the members of the Class in that Plaintiffs are members of the Class for which they seek to represent. Plaintiffs, like members of the proposed Class, purchased Defendant's products which provide warranties which begin upon purchase. Plaintiffs advance the same claims and legal theories individually and on behalf of all absent members of the Class. Defendant has no defenses unique to Plaintiffs.

31. **Adequacy of Representation.** Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained counsel experienced in consumer protection law, including class actions. Plaintiffs have no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class. Plaintiffs' attorneys are aware of no interests adverse or antagonistic to those of Plaintiffs and the proposed Class.

32. **Superiority.** Class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be impractical for members of the proposed Class to individually redress the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Therefore, a class action

is maintainable and superior pursuant to Fed. R. Civ. P. 23.

33. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and unfair conduct alleged herein. Unless a class-wide injunction is issued, Defendant will continue to deny consumers their full rights to warranty, and members of the public, including Class members, will continue to be misled and harmed.

34. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class, so that declaratory and injunctive relief is appropriate to the Class as a whole, making certification appropriate pursuant to Fed. R. Civ. P. 23.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA'S SONG-BEVERLY CONSUMER WARRANTY ACT

35. Plaintiffs incorporate by reference all the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions constitute numerous and systematic violations of SBA.

37. The products alleged herein are "consumer goods" as defined by Cal. Civ. Code § 1791(a).

38. Plaintiffs and putative Class members are "buyers" as defined by Cal. Civ. Code § 1791(b).

39. Pursuant to Cal. Civ. Code § 1793.01, "[a] manufacturer, distributor, or retail seller shall not make an express warranty with respect to a consumer good that commences earlier than the date of delivery of the good. This section does not limit an express warranty made before July 1, 2023."

40. Defendant commences their express warranties on the date of purchase, not on the date of delivery, in violation of the SBA.

41. Defendant values its ability to commence express warranties earlier than required by law.

42. Defendant received, and continue to receive, a benefit at the expense of Plaintiffs and Class members.

43. Defendant harmed Plaintiffs and Class members by not providing the full value of the warranties for which they are entitled by law. Specifically, their warranties have been cut short by the number of days that elapsed between the date of purchase and the date of delivery of their products. Thus, Plaintiffs and Class members have lost a pro-rata portion of the value of their

warranties.

44. A shortening, and voiding or loss of a product's warranty, lowers the value of the warranty and ultimately the value of the product, thus creating economic damages.

45. Additionally, by shortening the warranty, the Defendant shifts less risk from the consumer to Defendant than if the warranty had not been shorted.

46. Defendant also harmed those Class members who had warranty claims, but reasonably believed or were told that they fell outside their warranty period.

47. Had Plaintiffs and Class members been aware that Defendant's warranty practices did not comply with the law, they either would not have purchased their products or would have paid less for them. The premium paid is a benefit received by Defendant and should be returned to Plaintiffs and members of the Class.

48. Defendant benefits, at the expense of Plaintiffs and Class members, in the form of reduced costs for tracking, administering, and repairing products under warranty.

49. Pursuant to Cal. Civ. Code §§ 1794(a), (b), Plaintiffs and Class members are entitled to damages, including reimbursement of the purchase price of the Class Products.

50. Pursuant to Cal. Civ. Code § 1794(c), Plaintiffs and Class members are entitled to two-times the amount of actual damages.

51. Pursuant to Cal. Civ. Code § 1794(d), Plaintiffs and Class members are entitled to recover attorney's fees and costs.

## SECOND CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW

52. Plaintiffs incorporate by reference all the above paragraphs of this Complaint as though fully stated herein.

53. Plaintiffs are a "person" as defined by Cal. Bus. & Prof. Code § 17201.

54. The UCL proscribes "unfair competition," defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising[.]" Bus. & Prof. Code § 17200. This definition creates three disjunctive "prongs" that operate independently from one another, namely the (1) unlawful, (2) unfair, and (3) fraudulent prongs.

55. By and through Defendant's conduct alleged in detail above and herein, Defendant engaged in conduct which constitutes unlawful and unfair business practices as prohibited by the UCL.

56. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to customers.

57. Defendant's actions constitute unfair business practices because Defendant intentionally designed warranties in violation of the law. This reduced the usable length of consumers' warranties and forced consumers to unknowingly pay more for products. These actions benefited Defendant to the detriment of consumers.

58. The harm to Plaintiffs and Class members grossly outweighs the utility, if any, of Defendant's practices.

59. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

60. Defendant's acts and practices alleged above violate the plain language of the SBA, as described in Plaintiffs' First Cause of Action above.

61. Defendant's practices have misled Plaintiffs and Class members and will continue to mislead in the future.

62. Defendant has unfairly profited off of Plaintiffs and Class members through its practices, and will continue to do so in the future.

63. Pursuant to the UCL Plaintiffs are entitled to preliminary and permanent injunctive relief, as well as disgorgement and restitution to Plaintiffs and the Class members of all Defendant's revenues associated with its unfair competition, or such portion of those revenues as the Court finds equitable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant for:

- This action to be certified as a class action;
- Plaintiffs to be appointed as Class Representative;
- Plaintiffs' counsel to be appointed as Class Counsel;
- An order declaring Defendant's conduct unlawful;
- An order declaring Defendant to make restitution to Plaintiffs and Class members under the

SBA in an amount equal to the total amounts paid and payable for the Class Products;

- Actual damages;
- A civil penalty of two-times actual damages;
- Punitive damages;
- Pre- and post-judgment interest at the legal rate;
- Injunctive and other equitable relief as necessary to protect to the interests of Plaintiffs and other Class members, and an order prohibiting Defendant from engaging in the unlawful and unfair acts described herein;
- An order that Defendant engage in a corrective campaign to ensure its warranties comply with the SBA;
- An order of restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the Class members as a result of these unlawful and unfair business practices;
- Attorney's fees, costs of suit, and out of pocket expenses; and
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

64. Plaintiffs are entitled to, and demand, a trial by jury on all issues so triable.

Dated: May 14, 2025                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/Ryan L. McBride
Ryan L. McBride, Esq.
*Attorneys for Plaintiffs*